**In the Matter of Flynn**

432

C.P. of Lycoming County, No. 41-12-0032

*James Malee*, for petitioner.
*Bret Southward*, for respondent.

LOVECCHIO, *J.*, Sept. 5, 2014—

## OPINION AND ORDER

This matter came before the court on August 11, 2014 for a conference and argument on the petition to purchase

property filed by Janine Hakes, executrix of the Joan E. Flynn Estate, and a motion for judgment on the pleadings filed by Diane Hoover.

Decedent, Joan E. Flynn, owned property at 338 Bastian Avenue in South Williamsport, Pennsylvania. On April 4, 2007, decedent executed a deed transferring the property from decedent to decedent and her daughter, Diane Hoover, as joint tenants with the right of survivorship. On that same date, decedent, Diane Hoover, and Albert Hoover (Diane Hoover's spouse) executed a family agreement. The agreement stated that decedent executed a deed granting Diane Hoover an interest in her property as an inter vivos gift and as part of an estate plan which included long-term healthcare planning. Mrs. Hoover agreed not to use the property, except for purposes agreed upon unanimously by decedent and Mrs. Hoover. Mrs. Hoover also agreed that decedent could live on the property for as long as she desired. If decedent wanted to sell the property, the Hoovers agreed to execute any and all documents necessary to effectuate the transfer. The agreement also provided that at the death of decedent, the Hoovers agreed that the net proceeds of the sale of the property or the value of the property as determined by the fair market value (minus taxes and other expenses) on the date of decedent's death shall be distributed or paid according to decedent's Last Will and Testament.

Decedent died on January 8, 2012. On January 18, 2012, Janine Hakes was appointed executrix of decedent's Estate.

On May 27, 2014, the executrix filed a petition to purchase real property. In her petition, the executrix

claims that, despite the joint tenancy language in the deed, the property at 338 Bastian Avenue is property of the estate, which the executrix seeks to purchase pursuant to 20 Pa.C.S.A. §3356. Executrix argues that the parties did not intend to create a joint tenancy with the right of survivorship. Instead, "the designation of [j]oint [t]enancy was made in an attempt to avoid Medicaid Estate Recovery, but the property in substance remained a probate asset." Petition, ¶ 12.

On or about July 28, 2014, Mrs. Hoover filed a motion for judgment on the pleadings, in which she asserted that the 338 Bastian Avenue property does not belong to the estate. She argued that the deed clearly and unequivocally granted title to her and the decedent as joint tenants with the right of survivorship. Moreover, the clear and unambiguous terms of the family agreement permit Mrs. Hoover to either sell the property and distribute the proceeds to the estate or keep the property and pay the estate the fair market value.[1]

Following the conference and argument on August 11, 2014, counsel for the estate submitted a letter brief on August 12, 2014 in which he cited *Galford v. Burkhouse*, 478 A.2d 1328 (Pa. Super. 1984) and argued that the real estate was property of the estate due to an express or resulting trust. Counsel for Mrs. Hoover submitted a letter brief on August 19, 2014 in which she contended that the *Galford* case was clearly distinguishable and had no bearing on this case. The matter is now ripe for decision.

---

1. There has been a signed agreement to sell the property since March. It is attached to Mrs. Hoover's answer to the estate's petition. The property is also up for sheriff's sale on September 9, 2014 due to unpaid real estate taxes.

In her petition, the executrix contends that the family agreement clearly and convincingly establishes that the parties to the deed had not intended to create a right of survivorship, despite the designation in the deed, as evidenced by the fact that decedent had complete control, use and access of the property during her lifetime and upon her death the value of the property would be added back into her probate estate and distributed as a part thereof. Petition, ¶10. Relying on *Galford*, the executrix asserts that parol evidence is admissible to show that the legal title conveyed by the deed was bare legal title, not joint tenancy with the right of survivorship; therefore, Mrs. Hoover holds the title to the real estate subject to an express or resulting trust for the benefit of decedent and her estate.

The court finds *Galford* distinguishable from this case. In *Galford*, Karl, the child to whom the property was deeded, acknowledged that the transfer of the property to him had been a conveyance to him as a trustee, but he claimed that the terms of the trust were that the property would be maintained as a home for his father, Leonard, during his lifetime, if possible, or sold to provide for Leonard's maintenance and care and upon Leonard's death the property was to be divided equally among all of the children. Prior to Leonard's death, he initiated an action against Karl in which he asserted that Karl had agreed to convey the property to Leonard's daughter, Nancy, as Leonard wished because she had gave up her job and moved her family into the house with Leonard in order to take care of him. Leonard had executed a will naming Nancy as executrix and sole beneficiary of his estate. When Leonard died after his deposition had been taken

but prior to a hearing on the matter, Nancy, as executrix of his estate, was substituted as plaintiff.

The court found that, while the claimed oral trust was void under the statute of frauds, the realty was subject to a resulting trust for the benefit of the estate of Leonard. Notably, the testimony of all parties to the case was in agreement that Leonard intended to transfer only bare legal title to Karl at the time he executed the deed to the realty. Furthermore, Karl executed a document attesting that he held title to the realty subject to a trust for the benefit of Leonard. Moreover, the deed did not purport to create a joint tenancy. Although the appellants sought to establish that the beneficial interest was otherwise effectively disposed of by oral evidence of Leonard's intent at the time of the execution of the deed that the property would ultimately pass to his children, the court found that the evidence offered to establish such intent was so ambiguous and conflicting as to prevent any determination of Leonard's intent concerning ultimate disposition of the realty.

Here, the deed executed on April 4, 2007 clearly and unequivocally states that the real estate was conveyed by decedent to herself and her daughter as joint tenants with the right of survivorship. The family agreement expressly states that decedent "has executed a deed granting Diane E. Hoover an interest in her property as an inter vivos gift." It does not state that the property was conveyed to Hoover as trustee. Moreover, the family agreement clearly and unambiguously states decedent's wishes regarding the property at her death. The agreement does not state that the real property shall be transferred to decedent's

estate nor that disposition thereof shall be controlled by executrix. Rather, the agreement states that at decedent's death, Diane Hoover and her spouse agree that "the net proceeds of the sale of the property or the net fair market value (minus taxes and other expenses) on the date of [decedent's] death is to be distributed or paid according to the last Will and testament of [decedent]." In other words, the family agreement gives the Hoovers the option of selling the property and paying the net proceeds to the beneficiaries under the Will or keeping the property and paying the net fair market value; it does not give that choice to the executrix.

The family agreement contains an integration clause; it expressly states: "This agreement represents the entire agreement between the parties and may be modified only upon unanimous written consent." Pennsylvania law is well settled that when the parties enter a clear and unambiguous integrated agreement, parol evidence is not admissible to add to or alter its terms. As the Pennsylvania Supreme Court stated in *Yocca v. Pittsburgh Steelers Sports, Inc.*, 578 Pa. 479, 854 A.2d 425 (2004):

> Where the parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only evidence of their agreement. All preliminary negotiations, conversations, and verbal agreements are merged in and superseded by the subsequent written contract...and unless fraud, accident or mistake be averred, the writing constitutes the agreement between the parties, and its terms and agreements cannot be added to nor subtracted from by parol evidence.

854 A.2d at 436, quoting *Gianni v. Russell & Co.*, 281 Pa. 320, 126 A. 791, 792 (1924).

The deed and family agreement are clear, and parol evidence is not admissible in this case. Upon decedent's death, the real property passes to Diane Hoover as the surviving joint tenant. The Hoovers, however, are contractually obligated to distribute or pay the net proceeds of any sale or the net fair market value on the date of decedent's death according to decedent's last Will and testament. Since the real property itself is not an asset of the estate, the court will grant Hoover's motion for judgment on the pleadings and dismiss the executrix's petition to purchase the real property pursuant to 20 Pa.C.S.A. §3356.

## ORDER

And now, this 5th day of September 2014, the court grants the motion for judgment on the pleadings and dismisses the executrix's petition to purchase the real property. This ruling should not be construed as expressing any opinion regarding the agreement for the sale of the real estate attached to Diane Hoover's answer to the petition or the availability of any other claims or relief to any of the parties.

